UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JORGE FELIX-RODRIGUEZ,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

Defendant.

Case No. 3:17-cv-01116-AA

OPINION AND ORDER

AIKEN, District Judge:

Plaintiff, an inmate at the Federal Correctional Institution (FCI) in Terminal Island, files this federal tort action and moves to proceed in forma pauperis.

Pursuant to the Prison Litigation Reform Act, a prisoner proceeding in forma pauperis is required to pay the full filing fee of $350.00 when funds exist. 28 U.S.C. § 1915(b)(1). Plaintiff has been without sufficient funds for the six months immediately preceding the filing of his complaint and the court will not assess a partial filing fee. However, plaintiff's complaint is deficient and must be dismissed.

In federal court, dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff alleges that correctional officers at FCI Sheridan lost his personal property when he was transferred from to another federal facility. Plaintiff filed an administrative claim for damages with the Bureau of Prisons, and he was offered inadequate compensation. Compl. at 3-4 & Exhibits (ECF No. 2). Plaintiff now asserts a claim for negligence and seeks compensation for his lost property.

Construing plaintiff's claim liberally, he alleges a claim for negligence under the Federal Tort Claims Act (FTCA). However, the FTCA bars plaintiff's claim under the exception for the detention of goods by a law enforcement officer. *See* 28 U.S.C. § 2680(c); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008). In *Ali*, the Supreme Court held that this exception barred an FTCA claim arising from property allegedly lost when a prisoner was transferred between federal correctional facilities. *Ali*, 552 U.S. at 216-17, 228; *see also Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 807-08 (9th Cir. 2003) (holding that "BOP officers are 'law enforcement officers' exempt from FTCA liability for damage to detained goods" in a suit alleging negligent damage to a prisoner's eyeglasses).

For these reasons, plaintiff's complaint fails to state a claim. Moreover, amendment would not cure the deficiency, as plaintiff cannot sustain a tort action against the Bureau of Prisons based on the alleged mishandling of his property.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint (ECF No. 2) is DISMISSED for failure to state a claim.

IT IS SO ORDERED.

DATED this 9th day of August, 2017.

                    Ann Aiken
                    United States District Judge